UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:03-cr-164-T-23MAP
    8:05-cv-468-T-23MAP

GIRARDO BRAVO
_____/

**O R D E R**

Girardo Bravo's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, for which offense Bravo was sentenced to 108 months' imprisonment. The conviction was pursuant to a plea agreement (Doc. 71).

Upon preliminary review, the court noticed that the motion might be time-barred. Because Bravo's judgment was entered on November 17, 2003, his one-year limitations period expired in November of 2004. Bravo purported signed his petition on October 25, 2004, but it was not received until March 10, 2005. Consequently, based on *Houston v. Lack*, 487 U.S. 266, 276 (1988) (documentation from a prisoner *pro se* litigant is considered "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."), Bravo was ordered (Doc. 3) to provide a copy of the prison mail log showing the date he submitted the motion to vacate sentence to correctional officials for mailing. Bravo has not responded to the order. He was warned that the failure to comply with the order would result in the dismissal of his motion.

Accordingly, the motion to vacate sentence (Doc. 1) is **DISMISSED** due to Bravo's failure to comply with the prior order (Doc. 3) to provide a copy of the prison mail log showing the date he submitted the motion to vacate sentence to correctional officials for mailing.  The Clerk shall enter a judgment against Bravo and **CLOSE** this action.

ORDERED in Tampa, Florida, on May 9, 2005.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro